UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| FRANK EDWARD NIXON, JR., | ) |
| --- | --- |
| Plaintiff, | ) No. 3:11-cv-01114 |
| | ) Judge Haynes |
| v. | ) |
| JENNIFER TILLMAN, | ) |
| Defendant. | ) |

# MEMORANDUM

Plaintiff, an inmate at the Turney Center Industrial Prison in Only, Tennessee, filed this *pro se,* action under 42 U.S.C. § 1983 against the Defendant Jennifer Tillman, a mail handler at by the prison who is sued, in her individual and official capacities. Plaintiff seeks compensatory and punitive damages for the Defendant's denial of his mail.

According to the complaint, Turney Center has a mail policy that inmates can only place orders through the mail during a particular month. If an inmate orders an item prior to an inmate's order month, upon delivery of the item to the prison, the item must be returned to the sender at the inmate's expense.

Plaintiff alleges that he was segregated for fifteen (15) months for mental issues and was "released" on March 24, 2011. Upon his release, the Plaintiff was unaware of the mail order and receipt policies. Plaintiff placed an order with the Union Supply Company prior to the Plaintiff's assigned order month. Plaintiff's order, however, arrived during Plaintiff's order month. After learning of the mail policies, Plaintiff asked Defendant Tillman, the mail room handler, if he could receive his package. Defendant Tillman denied the Plaintiff's request and deducted $7.14 from the

1

Plaintiff's inmate trust fund account for shipping costs to return the Union Supply product.

On May 26, 2011, the Plaintiff observed Defendant Tillman inform another inmate, David Melton, that "the policy and the Warden Jerry Lester required that his order be returned because of having been ordered prior to his order month, but she was going to allow it because he [Tillman] was new to Turney Center." (Docket No. 1)[1].

Plaintiff alleges that "the only defining difference" between Melton and the Plaintiff is "the hue of the skin." Id. Plaintiff alleges Defendant Tillman discriminated against the Plaintiff due to his race when she applied the mail policy adversely to him but allowed Melton who is a different race than the Plaintiff. Plaintiff alleges that he was "crushed, shattered, and emotionally and psychologically exhausted and diminished" as a result of Defendant's Tillman "obvious" discrimination. Id.

Plaintiff filed a grievance regarding the incident. At the grievance hearing, an official stated that Melton recently "came from another institution and that institution forwarded the package to him here at Turney Center." Id. The grievance hearing committee unanimously agreed that under those circumstances, Melton had not violated the center's mail policy in allowing Melton to receive his package. Id.

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any

---

[1]The pages of the complaint are not numbered.

claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *McGore*, 114 F.3d at 612. Thus, the Court must screen the Plaintiff's complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a "plausible" basis for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant Tillman's alleged failure to comply with an prison administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992).

To the extent that the Plaintiff asserts a due process claim for the destruction or taking of his property, the Plaintiff's claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the

3

deprivation was not done pursuant to an established state procedure. *See Hudson*, 468 U.S. at 530-36. Defendant Tillman's refusal to give the Plaintiff's Union Supply package to him was an act pursuant to an established Turney Center prison policy.

Although Plaintiff does not expressly raise a First Amendment claim, Plaintiff's allegations about Defendant's interference with his mail arguably implicate the First Amendment. Yet, a prison employee's interference with a prisoner's legal mail states a First Amendment claim only if it results in actual injury to non-frivolous pending litigation. *See Stanley* v. Vining, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Plaintiff's allegations do not involve legal materials nor any such injury.

Finally, the Plaintiff claim assert that Defendant Tillman discriminated against him on the basis of his race in violation of his right to equal protection under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). When governmental action adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. To state a violation of the Equal Protection Clause, an inmate must allege facts that the defendant purposefully discriminated against him in relation to similarly situated others. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

4

Here, Plaintiff's complaint alleges that the Plaintiff was not afforded a benefit that Defendant Tillman had afforded to Mr. Melton, a person of another racial group. Yet, Plaintiff's complaint cites Tillman and the grievance committee's finding of Melton's recent transfer from another institution that allowed him to receive his package. Plaintiff has been an inmate at the Turney Center and ordered his package outside of the time permitted by Turney Center policy. Given the stated justifications, the Court concludes Plaintiff's belief is insufficient to state an equal protection claim.

Thus, the Court concludes that the Plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge